# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# HELENA DIVISION

| | |
|---|---|
| ELDON HUFFINE,<br><br>   Plaintiff,<br><br> vs.<br><br>JOHN BROWN, Montana 18th District Court,<br><br>   Defendant. | Cause No. CV 12-00085-H-DLC-RKS<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE TO DENY MOTION TO PROCEED IN FORMA PAUPERIS |

   Plaintiff Eldon Huffine, a state inmate proceeding without counsel, filed a document entitled "Petition for 28 U.S.C. § 455 Recusal Nunc Pro Tunc for Lack of Impartiality In Forma Pauperis, Criminal." C.D. 1. The document has been construed as a civil complaint. Mr. Huffine did not pay the $350.00 filing fee and did not submit an application to proceed in forma pauperis even though the Clerk of Court wrote him a letter on September 5, 2012 telling him he needed to do so. As he did not pay the filing fee and states "in forma pauperis" in the title of his document, it will be assumed he is attempting to proceed in forma pauperis. But the Court will not direct Mr. Huffine to pay the fee or file a motion for leave to proceed in forma pauperis, because the Court finds this action subject to dismissal

1

pursuant to 28 U.S.C. § 1915(g).

28 U.S.C. § 1915(g) provides:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Mr. Huffine, an inmate incarcerated in the Montana State Prison, has a well-documented history of filing frivolous and vexatious lawsuits in the various federal district and circuit courts throughout the nation. In a March 2006 Order, Judge Molloy indicated that "Huffine has an extensive history of filing frivolous actions in this Court." Civil Action No. 06-00011-H-DWM. Since he was incarcerated in 2005, Mr. Huffine has filed at least four civil actions which were dismissed as frivolous or for failure to state a claim. See Huffine v. Montana Dept. of Justice, Civ. No. 06-00011-DWM (D.Mont.) (dismissed as frivolous March 30, 2006); Huffine v. Gordon Smith, et al., Civ. No. 06-00020-DWM (D.Mont.) (dismissed as frivolous March 30, 2006); Huffine v. Molloy, et al., Civ. No. 07-01556-RSM (W.D. Wash.)(dismissed for failure to state a claim November 14, 2007), Huffine v. United States of America, Civ. No. C07-1451-RSL (W.D. Wash.)(assessed as a strike November 26, 2007). In addition, the Ninth Circuit Court of Appeals has

had a pre-filing order on Mr. Huffine since 1993.  In re Huffine, Court of Appeals Docket No. 93-80385 (pre-filing order entered November 17, 1993).

Mr. Huffine has exceeded the three "strikes" allowed by the Prison Litigation Reform Act to a prisoner attempting to proceed in forma pauperis in a federal civil lawsuit.  As such, he cannot proceed in forma pauperis in the instant case unless he can show that he qualifies for the "imminent danger of serious physical injury" exception of Section 1915(g).  Even when construed liberally in Mr. Huffine's favor, the allegations in his Complaint do not support a finding that he is in "imminent danger of serious physical injury."  His proposed Complaint alleges that a judge in a state action improperly declined to recuse himself.  C.D. 1.

While ordinarily litigants are given a period of time to pay the full filing fee of $350.00, Mr. Huffine should not be allowed to do so in this case.  Mr. Huffine has a history of abusing the system and filing repetitive and frivolous lawsuits.

Mr. Huffine is not entitled to a ten-day period to object.  See Minetti v. Port of Seattle, 152 F.3d 1113, 1114 (9th Cir. 1998) (per curiam).  No motion for reconsideration will be entertained.

It is **RECOMMENDED:**

Mr. Huffine should not be allowed to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(g).  The Clerk of Court should be directed close the case and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

DATED this 16th day of October, 2012.

                                      */s/ Keith Strong*
                                      Keith Strong
                                      United States Magistrate Judge