IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | |
|---|---|
| ELDON HUFFINE,<br><br>Plaintiff,<br><br>vs.<br><br>JOHN BROWN, Montana 18th District Court,<br><br>Defendant. | Cause No. CV 12-00085-H-<br><br>ORDER |

Plaintiff Eldon Huffine, a state inmate proceeding without counsel, filed a document entitled "Complaint of Recused Judge Dana Christensen, Magistrate Keith Strong; Petition for Reconsideration by Impartial Judge who Obeys Oath of Office." (doc. 6). The filing is construed as a motion for reconsideration of the November 27, 2012 Order not allowing Mr. Huffine to proceed in forma pauperis and closing the case. (doc. 4).

A final Order has been issued in this case, therefore, the Court construes the motion as being filed pursuant to Rules 59 and 60 of the Federal Rules of Civil Procedure. Rule 59(e) provides that a motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment. Although Mr. Huffine's

-1-

motion was received by the Court on December 26, 2012, it is dated December 15, 2012. Pursuant to the prison "mailbox rule", the motion will be presumed to be timely filed on December 15, 2012. *Houston v. Lack*, 487 U.S. 266, 270–71 (1988); *Douglas v. Noelle*, 567 F.3d 1103, 1107 (9th Cir. 2009) (the prison mailbox rule, deeming a document filed when it is handed to prison authorities for mailing, applies to § 1983 suits).

Under Rule 59(e), a district court may, in its discretion, alter or amend a judgment if "the district court committed clear error or made an initial decision that was manifestly unjust." *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001). "A motion for reconsideration under Rule 59(e) 'should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.' " *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999)(en banc) *quoting 389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)(citation omitted). Federal district courts enjoy broad discretion to amend or refuse to amend judgments under Rule 59(e). *McDowell*, 197 F.3d at 1256 (citation omitted).

Rule 60(b) provides for reconsideration where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly

-2-

discovered evidence that, with reasonable diligence could not have been discovered before the time to move for a new trial under Rule 59; (3) fraud by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; or (6) any other reason justifying relief. Fed.R.Civ.P. 60(b). Although couched in broad terms, subparagraph (6) requires a showing that the grounds justifying relief are extraordinary. *Twentieth Century--Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981).

Motions for reconsideration should not be frequently made or freely granted; they are not a substitute for appeal or a means of attacking some perceived error of the court. *Dunnahoo*, 637 F.2d at 1341.

Mr. Huffine's only argument seeks to be that Magistrate Judge Keith Strong and I should have been recused from this matter. While Mr. Huffine indicates he mailed a demand for recusal on October 15, 2012, there is no such filing in this case.[1] Regardless, there is no basis for recusal in this matter. The substantive standard for recusal under 28 U.S.C. § 144 and 28 U.S.C. § 455 is the same: "[W]hether a reasonable person with knowledge of all the facts would conclude

---

[1] Mr. Huffine filed two actions simultaneously, this action and 12-CV-086-H-DLC-RKS. A motion for recusal was filed in 12-CV-86-H-DLC-RKS on October 30, 2012, but that motion was captioned for the 12-CV-86 case only and was not filed in this case. The Court denied the motion for recusal in 12-CV-86 as there was no basis upon which to question the impartiality of the Court.

that the judge's impartiality might reasonably be questioned." *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986) (quotation omitted). Ordinarily, the alleged bias must stem from an "extrajudicial source." *Litekey v. United States*, 510 U.S. 540, 554-56 (1994). "[J]udicial rulings alone almost never constitute valid basis for a bias or partiality motion." *Id.* "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.*

The mere fact that myself or Magistrate Judge Strong ruled against Mr. Huffine in prior cases does not constitute a basis for bias. This Court has never displayed antagonism toward Mr. Huffine and there is no basis on which to question this Court's impartiality in this matter.

Mr. Huffine has not presented new evidence, he has not demonstrated that the Court committed clear error in its ruling, there has been no change in the law, and none of the reasons set forth in Rule 60(b) are applicable. The Court's Order of dismissal stands. This case is closed and no further motions for reconsideration will be considered.

IT IS HEREBY ORDERED that Mr. Huffine's "Complaint of Recused Judge Dana Christensen, Magistrate Keith Strong; Petition for Reconsideration by

Impartial Judge who Obeys Oath of Office" (doc. 6) as construed as a motion for reconsideration is DENIED.

Dated this 3rd day of January, 2013

Dana L. Christensen, District Judge
United States District Court